UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NIKKI N. BOWEN,

                Plaintiff,

      v.

CAROLYN W COLVIN, Acting
Commissioner of Social Security,

              Defendant.

CASE NO. 3:15-CV-05385-DWC

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

Plaintiff Nikki N. Bowen filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's applications for supplemental security income ("SSI") and disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 6.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred by failing to discuss significant and probative evidence contained in the opinion of examining physician Dr. Raymond West. Had the ALJ properly considered Dr. West's opinion, the residual functional capacity ("RFC") may have included additional limitations.

1  The ALJ's error is therefore not harmless and this matter is reversed and remanded pursuant to

2  sentence four of 42 U.S.C. § 405(g).

3  <u>LEAVE TO FILE AMENDED OPENING BRIEF</u>

4  On February 2, 2016, Plaintiff filed an Unopposed Motion for Leave to File Amended

5  Opening Brief, attaching the Amended Opening Brief and a declaration from Plaintiff's

6  attorney, which states opposing counsel does not object to the Motion. Dkt. 16. After review,

7  Plaintiff's Motion is granted. The Opening Brief is stricken, and the Amended Opening Brief

8  will replace Plaintiff's Opening Brief.

9  <u>FACTUAL AND PROCEDURAL HISTORY</u>

10  On August 19, 2011, Plaintiff filed SSI and DIB applications, alleging disability as of

11  September 1, 2004. *See* Dkt. 9, Administrative Record ("AR") 10. The applications were

12  denied upon initial administrative review and on reconsideration. AR 10. A hearing was held

13  before ALJ David Johnson on July 11, 2013. *See* AR 27-74. At the hearing, Plaintiff amended

14  her alleged onset date to August 19, 2011. AR 10, 31. In a decision dated September 5, 2013,

15  the ALJ determined Plaintiff to be not disabled. *See* AR 10-21. Plaintiff's request for review of

16  the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final

17  decision of the Commissioner of Social Security ("Commissioner"). *See* AR 1-5; 20 C.F.R. §

18  404.981, § 416.1481.

19  Plaintiff alleges the ALJ erred by:  (1) improperly rejecting the medical opinion

20  evidence by failing to (a) discuss all evidence included in the record and (b) properly consider

21  the opinions submitted by Dr. Raymond West, M.D., Dr. Norman Staley, M.D., and Dr. Drew

22  Stevick, M.D.; (2) giving insufficient reasons for finding Plaintiff lacked credibility; and (3)

23

24

1    failing to properly assess Plaintiff's residual functional capacity ("RFC") and finding Plaintiff

2    capable of working at Steps 4 and 5 of the sequential evaluation process. Dkt. 16-1, p. 2.

3                                        STANDARD OF REVIEW

4            Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

5    social security benefits if the ALJ's findings are based on legal error or not supported by

6    substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1

7    (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

8                                            DISCUSSION

9    **I.      Whether the ALJ improperly rejected the medical opinion evidence.**

10           Plaintiff argues the ALJ erred by failing to consider probative treatment notes and

11   properly weigh the medical opinions of Drs. Raymond West, Norman Staley, and Drew

12   Stevick. Dkt. 16-1, pp. 3-8.

13           A. *Treatment Notes*

14           First, Plaintiff asserts the ALJ erred when he failed to discuss treatment notes

15   discussing Plaintiff's impairments. Dkt. 16-1, p. 7. The ALJ "need not discuss all evidence

16   presented." *Vincent ex rel. Vincent v. Heckler*, 739 F.3d 1393, 1394-95 (9th Cir. 1984).

17   However, the ALJ "may not reject 'significant probative evidence' without explanation."

18   *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (*quoting Vincent*, 739 F.2d at 1395).

19   The "ALJ's written decision must state reasons for disregarding [such] evidence." *Flores*, 49

20   F.3d at 571.

21           The ALJ considered all the medical evidence when determining Plaintiff had severe

22   impairments of Crohn's disease, status post colon resection, ilesotomy, anemia, obesity, and

23   asthma. *See* AR 12-14. The ALJ also discussed the medical evidence, including treatment

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 3

1 | records and medical opinions, when determining Plaintiff was not entirely credible and in

2 | limiting Plaintiff to sedentary work with limitations. AR 15-19.

3 |      In her Amended Opening Brief, Plaintiff detailed her treatment history, identifying

4 | records which contain diagnoses of Plaintiff's alleged severe impairments and evidence of her

5 | symptoms. *See* Dkt. 16-1, pp. 3-7. Plaintiff does not identify what medical records the ALJ

6 | failed to discuss, nor explain the significance of the identified evidence. *Id*. Many of the

7 | records predate Plaintiff's alleged onset date, and the records cited generally in the Amended

8 | Opening Brief do not contain functional limitations or show Plaintiff was unable to work

9 | during the alleged period of disability. *Id.* at pp. 3-6. Further, Plaintiff fails show how the

10 | ALJ's alleged failure to discuss portions of the record is consequential to the RFC and the

11 | ultimate disability determination. *See* Dkt. 16-1, p. 7; *Ludwig v. Astrue*, 681 F.3d 1047, 1054

12 | (9th Cir. 2012) ("The burden is on the party claiming error to demonstrate not only the error,

13 | but also that it affected his "substantial rights."); *Valentine v. Commissioner of Social Sec.*

14 | *Admin*., 574 F.3d 685, 692, n. 2 (9th Cir. 2009) (rejecting "any invitation to find that the ALJ

15 | failed to account for [the claimant's] injuries in some unspecified way" when the claimant failed

16 | to detail what limitations followed from the evidence beyond those already listed in the RFC).

17 |      Accordingly, the Court finds the ALJ properly considered the medical evidence and did

18 | not err by failing to discuss unidentified evidence in the record. *See Houghton v.*

19 | *Commissioner Social Sec. Admin.*, 493 Fed.Appx. 843, 845 (9th Cir. 2012) (finding the

20 | plaintiff failed to show the ALJ was required to discuss a diagnosed impairment in the absence

21 | of significant, probative evidence showing the impairment caused a functional impact or

22 | restriction on the plaintiff's ability to work); *Burnaroos v. Colvin*, 2013 WL 546715, *4 (E.D.

23 | Wash. Sept. 30, 2013) (finding the ALJ was not required to address records which were dated

24 |

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 4

1  prior to the plaintiff's onset date and date she stopped using drugs because the evidence was

2  neither significant nor probative).

3      B. _Medical Opinion Evidence_

4      Plaintiff next asserts the ALJ failed to properly consider the opinion evidence submitted

5  by examining physician Dr. Raymond West and consulting physicians Drs. Norman Staley and

6  Drew Stevick. Dkt. 16-1, pp. 7-8.

7      1. Dr. Raymond West

8      Plaintiff contends the ALJ erred by failing to properly consider examining physician

9  Dr. Raymond West's opinion limiting Plaintiff to working "in a comfortable chair." Dkt. 16-1,

10  p. 7.[1]

11     The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted

12  opinion of either a treating or examining physician. _Lester v. Chater_, 81 F.3d 821, 830 (9th

13  Cir. 1996) (_citing Embrey v. Bowen_, 849 F.2d 418, 422 (9th Cir. 1988); _Pitzer v. Sullivan_, 908

14  F.2d 502, 506 (9th Cir. 1990)). When a treating or examining physician's opinion is

15  contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported

16  by substantial evidence in the record." _Lester_, 81 F.3d at 830-31 (_citing Andrews v. Shalala_, 53

17  F.3d 1035, 1043 (9th Cir. 1995); _Murray v. Heckler_, 722 F.2d 499, 502 (9th Cir. 1983)). The

18  ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and

19  conflicting clinical evidence, stating his interpretation thereof, and making findings." _Reddick

20  v. Chater_, 157 F.3d 715, 725 (9th Cir. 1998) (_citing Magallanes v. Bowen_, 881 F.2d 747, 751

21  (9th Cir. 1989)).

22

23      [1] Plaintiff also alleges the ALJ does not state any legitimate reason for rejecting Dr. West's uncontradicted findings. Dkt. 16-1, p. 7. But the only basis Plaintiff references is that the ALJ erred by failing to include the

24  "comfortable chair" limitation in the RFC. Therefore, the Court will discuss only this limitation.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 5

1    Dr. West examined Plaintiff on April 25, 2013. AR 1326-31. He opined Plaintiff is able

2    to stand and walk for up to five, possibly six, hours cumulatively in an eight-hour day,

3    providing she is able to take frequent and possibly prolonged breaks. AR 1330. Dr. West

4    opined, "In a comfortable chair, [Plaintiff] is able to sit for up to five or six hours cumulatively

5    in an eight-hour day providing she is able to move about for short periods from time to time."

6    AR 1330. He also found Plaintiff is able to lift and carry 15-20 pounds at least occasionally

7    and at least for a few steps. AR 1330-31.

8    The ALJ gave some weight to Dr. West's opinion. AR 19. As to Plaintiff's ability to sit,

9    the ALJ stated, "Dr. West further opined that the claimant would be able to sit for up to five or

10   six hours cumulatively in an eight-hour day, providing she would be able to move about for

11   short periods." AR 19. In the RFC assessment, the ALJ limited Plaintiff to sedentary work

12   "that allows her to occasionally change positions between sitting and standing[.]" AR 15.

13   Plaintiff challenges only the ALJ's failure to limit Plaintiff to sitting in a comfortable

14   chair, stating the ALJ failed to explain why the limitation was not included in the RFC. *See*

15   Dkt. 16-1, p. 7. The ALJ "may not reject significant probative evidence without explanation."

16   *Flores*, 49 F.3d at 570-71 (internal citations omitted). The ALJ did not discuss Plaintiff's need

17   to sit in a comfortable chair when explaining the weight given to Dr. West's opinion. Further,

18   while the ALJ gave some weight to Dr. West's opinion and included some of Dr. West's sitting

19   limitations in the RFC, he did not include a limitation regarding Plaintiff's need to sit in a

20   comfortable chair to be able to sit for five to six hours cumulatively in an eight-hour day. *See*

21   AR 15, 19.

22   Plaintiff's sitting limitations, including a workplace limitation regarding the type of

23   chair she needs, are related to her ability to be employed. Therefore, Dr. West's opinion

24

1    regarding Plaintiff's ability to sit provided she has a comfortable chair is significant, probative

2    evidence. As the ALJ failed to provide any discussion regarding the limitation finding Plaintiff

3    requires a comfortable chair to sit for five to six hours, the Court cannot determine if the ALJ

4    properly considered this limitation or simply ignored the evidence. Accordingly, the ALJ erred

5    by failing to explain the weight given to Dr. West's opinion regarding Plaintiff's need to sit in a

6    comfortable chair.

7        "[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674

8    F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the

9    claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v.*

10   *Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674

11   F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific

12   application of judgment" by the reviewing court, based on an examination of the record made

13   "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at

14   1118-1119 (*quoting Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)). An ALJ's failure to discuss

15   a medical opinion is not harmless error. *Hill v. Astrue*, 698 F.3d 1153, 1160 (9th Cir. 2012).

16   When the ALJ ignores significant and probative evidence in the record favorable to a claimant's

17   position, the ALJ "thereby provide[s] an incomplete residual functional capacity determination."

18   *Id.* at 1161.

19       Had the ALJ properly considered Dr. West's opinion as to Plaintiff's sitting limitations,

20   he may have included additional limitations in the RFC and in the hypothetical questions posed

21   to the vocational expert, Steve Duchesne. For example, if the RFC included a limitation that

22   Plaintiff must sit in a comfortable chair, Plaintiff may not be able to perform the jobs as

23

24

1    identified by the vocational expert or the job bases may erode. Thus, the ultimate disability

2    determination may change, and the ALJ's error is not harmless and requires reversal.

3               2.   <u>Drs. Norman Staley and Drew Stevick</u>

4        Plaintiff contends the ALJ failed to properly evaluate the medical evidence submitted

5    by Drs. Staley and Stevick. Dkt. 16-1, p. 8. Specifically, Plaintiff argues the ALJ erred when

6    he gave significant weight to the two opinions because the doctors failed to consider Plaintiff's

7    fatigue and anemia, need for a comfortable chair, need to move around from time to time, and

8    the number of times and length of time it takes for Plaintiff to change her ostomy bag. *Id*.

9    Plaintiff, however, does not cite to any medical evidence to support her position and relies only

10   on Plaintiff's subjective complaints to assert the ALJ erred by giving significant weight to the

11   opinions of Drs. Staley and Stevick. *See id.*

12       The ALJ is responsible for determining credibility and resolving ambiguities and

13   conflicts in the medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).

14   Determining whether inconsistencies in the medical evidence "are material (or are in fact

15   inconsistencies at all) and whether certain factors are relevant to discount" the opinions of

16   medical experts "falls within this responsibility." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169

17   F.3d 595, 603 (9th Cir. 1999)). It is not the job of the Court to reweigh the evidence: If the

18   evidence "is susceptible to more than one rational interpretation," including one supporting the

19   decision of the Commissioner, the Commissioner's conclusion "must be upheld." *Thomas v.*

20   *Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (*citing Morgan*, 169 F.3d at 599, 601).

21       Both Drs. Staley and Stevick opined Plaintiff was limited to sedentary work due to her

22   inflammatory bowel disease, anemia, and colostomy. AR 81, 85, 107, 110. They opined

23   Plaintiff should have easy, close access to the bathroom. AR 84, 108. The ALJ gave significant

24

1  weight to the assessments, and stated the assessments took into account Plaintiff's Crohn's

2  disease and management of her ostomy bag. AR 18. The ALJ further concluded the findings

3  were consistent with the record as a whole and Plaintiff's demonstrated functioning. AR 18.

4         Plaintiff requests the Court reweigh the evidence and find Drs. Staley's and Stevick's

5  opinions are entitled to little weight. *See* Dkt. 16-1, p. 8. However, the role of the Court is not

6  to reweigh the evidence and arrive at an independent conclusion. *Smolen*, 80 F.3d at 1279. Drs.

7  Staley and Stevick based their opinions on a review of Plaintiff's medical records, including

8  Plaintiff's subjective reports. AR 77-86, 99-111. The ALJ reviewed the evidence and

9  determined the opinions were entitled to significant weight. AR 18. After review of the record,

10 the Court finds the ALJ's decision to give significant weight to the opinions of Drs. Staley

11 and Stevick is supported by substantial evidence. Therefore, the ALJ did not err.

12        While the ALJ did not err in his decision to give significant weight to the opinions of

13 Drs. Staley and Stevick, on remand, he must re-evaluate their opinions as necessitated by

14 further consideration of Dr. West's opinion.

15 **II.    Whether the ALJ provided sufficient reasons for discrediting Plaintiff's**
         **testimony.**

16

17        Plaintiff contends the ALJ erred by failing to provide clear and convincing reasons for

   finding Plaintiff not credible. Dkt. 16-1, pp. 8-16.

18

19        To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent

20 reasons for the disbelief." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996) (citation omitted).

21 The ALJ "must identify what testimony is not credible and what evidence undermines the

22 claimant's complaints." *Id.*; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Unless

23 affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the

24 claimant's testimony must be "clear and convincing." *Lester*, 81 F.2d at 834.

In determining a claimant's credibility, the ALJ may consider "ordinary techniques of credibility evaluation," such as reputation for lying, prior inconsistent statements concerning symptoms, and other testimony that "appears less than candid." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). The ALJ may also consider if a claimant's complaints are "inconsistent with clinical observations[.]" *Regennitter v. Commissioner of Social Sec. Admin.*, 166 F.3d 1294, 1297 (9th Cir. 1998).

Questions of credibility are solely within the control of the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). The Court should not "second-guess" this credibility determination. *Allen v. Heckler*, 749 F.2d 577, 580 (9th Cir. 1984). In addition, the Court may not reverse a credibility determination where the determination is based on contradictory or ambiguous evidence. *Id.* at 579.

Plaintiff testified she has trouble with her ostomy bag, which includes rashes, pain at the bag site, and managing the bag's contents. *See* AR 16. Plaintiff experiences abdominal discomfort and nausea during a flare. AR 16. She testified she applied for at least 80 jobs during the three to four months prior to the ALJ hearing. AR 16. Plaintiff has been completing online courses to become a medical assistant, but her laptop broke and she has been unable to finish the program. AR 16. Plaintiff testified she could not work because she cannot work a full eight-hour day, five days a week when she isn't feeling well. AR 52. Plaintiff also testified she has abdominal pain, which requires pain medication. AR 47-48.

The ALJ found Plaintiff's impairments could be expected to cause some of her symptoms. AR 15-18. However, the ALJ determined Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible" because (1) Plaintiff is able to function at a greater level than alleged; (2) the record reflects Plaintiff's

1   doctors repeatedly expressed concern about Plaintiff's noncompliance with treatment

2   recommendations; (3) there are inconsistencies between the evidence of record and Plaintiff's

3   testimony; (4) Plaintiff's testimony was inconsistent during the hearing; and (5) the treatment

4   records are inconsistent with Plaintiff's claim of anxiety. AR 16-18.

5       First, the ALJ found Plaintiff was not entirely credible because she was able to function

6   at a level greater than alleged. AR 16. The Ninth Circuit has recognized two grounds for using

7   daily activities to form the basis of an adverse credibility determination: (1) whether the

8   activities contradict the claimant's other testimony and (2) whether the activities of daily living

9   meet "the threshold for transferable work skills." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir.

10  2007).

11      The ALJ found Plaintiff was able to complete online coursework to become a medical

12  assistant for eight hours a day for five months. AR 16. Plaintiff stopped only because her

13  computer broke. AR 16, 37-38. Plaintiff testified she was extensively applying for jobs, which

14  the ALJ found indicative of Plaintiff believing she is capable of working. AR 16, 51. Plaintiff

15  is also the primary caregiver for her children, aged seven and eleven at the time of hearing, and

16  babysat for a friend's child over long weekends in 2012. AR 16, 38, 40.

17      The ALJ noted Plaintiff was working twelve-hour shifts for ten days in a row near her

18  alleged onset date. AR 16. The ALJ found Plaintiff's schedule was very demanding and may

19  have exacerbated her symptoms; however, Plaintiff's work was more demanding than the work

20  contemplated by Drs. Staley and Stevick, who anticipated Plaintiff working eight-hour days,

21  five days a week. AR 16.  While the ALJ recognized Plaintiff had an impairment which flares

22  at times, he found the credible limitations do not preclude work activity. The ALJ's conclusion

23  that Plaintiff is able to function at a level greater than alleged is a clear and convincing reason

24

1  supported by substantial evidence for finding Plaintiff not entirely credible.

2       Second, the ALJ found Plaintiff not entirely credible because the record reflects

3  Plaintiff's doctors repeatedly expressed concern about Plaintiff's noncompliance with

4  treatment recommendations. AR 16. The Commissioner can find a claimant lacks credibility if

5  "the level or frequency of treatment is inconsistent with the level of complaints, or if the

6  medical reports or records show that the individual is not following the treatment as prescribed

7  and there are no good reasons for this failure." Social Security Ruling ("SSR") 96-7p, 1996

8  WL 374186, *7; *see also Tommasetti v. Astrue*, 533 F.3d 1035, 1039-40 (9th Cir. 2008)

9  (Where the "record reflects that [plaintiff] responded favorably to conservative treatment," yet

10 failed to seek aggressive treatment, such findings allowed the ALJ to make the "permissible

11 inference" that the plaintiff's symptom of pain "was not as all-disabling as he reported").

12      The ALJ found, in November 2011, Plaintiff was advised to consistently take her iron

13 supplement and Plaintiff's treating physician, Dr. Mark Cummings, listed noncompliance as

14 one of Plaintiff's chronic problems. AR 16, 17, 593, 1125, 1129, 1133, 1155, 1162, 1297. The

15 ALJ noted Plaintiff "no showed" three times at the Madigan GI clinic, and the treatment notes

16 indicate Plaintiff has a responsibility to show up to appointments and comply with treatment.

17 AR 17, 600.  Dr. Cummings noted Plaintiff continued to smoke despite being told her Crohn's

18 disease medication, Humira, would be nothing more than a placebo if she smoked. AR 17, 600.

19 Additionally, Plaintiff continued to smoke and reported missing doses of her Humira. AR 17,

20 602, 606, 1119, 1276, 1287 ("noncompliance and smoking will both set [Plaintiff] up for

21 therapeutic failure").

22      Plaintiff argues the ALJ erred because he inferred Plaintiff could return to work if she

23 was compliant with her treatment and stopped smoking. Dkt. 16-1, pp. 10-11. The ALJ found

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 12

1  Plaintiff's "failure to engage in, and follow through on, treatment recommendations,

2  undermines her credibility with respect to her claims that her condition is as bothersome and as

3  limiting as she has stated." AR 17. "[I]f a claimant complains about disabling pain but fails to

4  seek treatment, or fails to follow prescribed treatment, for the pain, an ALJ may use such

5  failure as a basis for finding the complaint unjustified or exaggerated." *Orn*, 495 F.3d at 638.

6  The ALJ did not find Plaintiff would be able to work if she complied with treatment and

7  stopped smoking. Rather, the ALJ found Plaintiff's noncompliance, failure to attend

8  appointments, and refusal to stop smoking showed Plaintiff's pain and symptoms were not as

9  bothersome as Plaintiff alleged. *See* AR 16-17. The Court finds the ALJ's decision finding

10  Plaintiff's noncompliance detracted from her credibility is supported by substantial evidence,

11  and is therefore upheld.  *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (upholding

12  ALJ discounting claimant's credibility in part due to lack of consistent treatment, and noting

13  the fact claimant's pain was not sufficiently severe to motivate her to seek treatment, even if

14  she had sought some treatment, was powerful evidence regarding extent to which she was in

15  pain).

16          Third, the ALJ found Plaintiff not entirely credible because there were inconsistencies

17  between her testimony and the record. AR 17. "In determining credibility, an ALJ may engage

18  in ordinary techniques of credibility evaluation, such as considering claimant's reputation for

19  truthfulness and inconsistencies in claimant's testimony." *Burch*, 400 F.3d at 680. Plaintiff

20  testified she did not think her doctors should have prescribed Humira and did not know why it

21  did not work. AR 17, 47-48, 54-55. In contrast, the ALJ found the record showed Plaintiff was

22  repeatedly told by Dr. Cummings smoking would nullify the effects of Humira. AR 17, 1276,

23  1287. In fact, Dr. Cummings instructed Plaintiff as early as February of 2009 through June of

24

1   2012 that "the effects of nicotine will almost completely negate therapeutic benefits" of

2   Humira. AR 845, 1154, 1287.  Plaintiff also stated she did not want to be placed on Humira

3   after her colon surgery, but ultimately did so because her doctor prescribed Humira. AR 17, 54.

4   The ALJ noted Plaintiff's testimony was inconsistent with records showing Plaintiff requested

5   she be restarted on Humira. AR 17, 1150. Additionally, the ALJ found the medical records

6   indicated Plaintiff was smoking well into 2013, after she testified she quit smoking on

7   November 17, 2012. AR 17, 43, 1216, 1252, 1260, 1328. The inconsistencies between the

8   record and Plaintiff's testimony provides a clear and convincing reason for finding Plaintiff not

9   entirely credible.

10          Fourth, the ALJ found Plaintiff not entirely credible because her testimony changed

11  during the ALJ hearing. AR 17-18. Specifically, the ALJ found, after the vocational expert

12  testified, Plaintiff exaggerated the length of time needed to change her ostomy bag. AR 17-18.

13  Prior to the vocational expert testifying, Plaintiff testified it took her about seven to ten

14  minutes to change her ostomy bag, but depending on the situation it could take up to 30

15  minutes to an hour. AR 53. After the vocational expert testified, Plaintiff stated it could take

16  her anywhere from 30 minutes to an hour to change the bag. AR 72. The evidence is

17  ambiguous regarding the amount to time it takes Plaintiff to clean, empty, or change her

18  ostomy bag. As the evidence is ambiguous, the Court concludes the ALJ's finding that Plaintiff

19  exaggerated her condition after hearing the testimony of the vocational expert supports the

20  credibility determination. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001) (ALJ

21  properly discredited claimant's testimony in part based on "her tendency to exaggerate"); *See*

22  *Allen*, 749 F.2d at 579 (court may not reverse a credibility determination where that

23  determination is based on contradictory or ambiguous evidence).

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 14

1    Fifth, the ALJ found Plaintiff not entirely credible because she complained of anxiety

2    and claimed to have been diagnosed with anxiety; however, treatment records were

3    inconsistent with this claim. AR 18. A determination that a claimant's complaints are

4    "inconsistent with clinical observations" can satisfy the clear and convincing requirement.

5    *Regennitter v. Commissioner of Social Sec. Admin.*, 166 F.3d 1294, 1297 (9th Cir. 1998). The

6    ALJ cites to several records showing the medical evidence does not contain claims of anxiety

7    and notes Plaintiff did not allege she had anxiety at the ALJ hearing. AR 18, 623, 673, 727-28,

8    807, 1013, 1139, 1153, 1270. Further, the ALJ found Plaintiff's credibility was diminished

9    because Plaintiff attempted to have a doctor write a note stating Plaintiff's dog was a service

10   dog for her alleged anxiety to avoid paying a security deposit. AR 18. Plaintiff's treating

11   provider refused to write the requested note because the dog was not a security dog and was

12   not needed for any of Plaintiff's medical conditions. AR 1257. *See Tidwell v. Apfel*, 161 F.3d

13   599, 602 (9th Cir. 1998) (an ALJ may consider motivation and the issue of secondary gain in

14   rejecting symptom testimony).

15   Plaintiff argues evidence showing she took Clonazepam, a drug which can be used for

16   anxiety, undermines the ALJ's findings. Dkt. 16-1, p. 12. Plaintiff testified she uses

17   Clonazepam as a sleep aid when her restless leg medication does not work. AR 50-51. She

18   testified she does not use the medication very often. AR 50-51. Further, the Clonazepam was

19   prescribed for Plaintiff's restless leg syndrome. AR 1250.  Accordingly, the Court is not

20   persuaded by Plaintiff's argument and finds the ALJ's decision finding Plaintiff lacked

21   credibility because of her behavior surrounding her alleged anxiety is supported by substantial

22   evidence.

23

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 15

1    In conclusion, the ALJ gave five valid reasons for finding Plaintiff was not entirely

2    credible. Accordingly, the ALJ did not err in his credibility determination. On remand, the ALJ

3    need only reconsider Plaintiff's credibility as necessitated by further consideration Dr. West's

4    opinion.

5    **III.    Whether the ALJ erred in assessing Plaintiff's RFC and finding Plaintiff not
        disabled at Step 4 and Step 5 of the sequential evaluation process.**

6        Plaintiff next contends the ALJ erred in his assessment of Plaintiff's RFC and in his

7    Step 4 and Step 5 analyses. Dkt. 16-1, pp. 16-19.

8        The Court concluded the ALJ committed harmful error when he failed to discuss a

9    portion of Dr. West's opinion. *See* Section I(B)(1), *supra*. The ALJ must therefore reassess the

10   RFC on remand. *See* Social Security Ruling 96-8p ("The RFC assessment must always consider

11   and address medical source opinions."); *Valentine v. Commissioner Social Sec. Admin.*, 574 F.3d

12   685, 690 ("an RFC that fails to take into account a claimant's limitations is defective"). As the

13   ALJ must reassess Plaintiff's RFC on remand, he must also re-evaluate the findings at Step Four

14   and Step Five to determine if Plaintiff can perform the jobs identified by the vocational expert in

15   light of the new RFC. *See Watson v. Asture*, 2010 WL 4269545, *5 (C.D. Cal. Oct. 22, 2010)

16   (finding the ALJ's RFC determination and hypothetical questions posed to the vocational expert

17   defective when the ALJ did not properly consider a doctor's findings).

18       Although Plaintiff argues in a conclusory manner this matter should be remanded with a

19   direction to award benefits, *see* Dkt. 16-1, p. 19, the Court concludes it would be inappropriate to

20   do so because it is unclear if the ALJ would be required to find Plaintiff disabled if the

21   improperly discredited evidence was credited as true. *See Garrison v. Colvin*, 759 F.3d 995,

22   1020 (9th Cir. 2014) (*citing Ryan,* 528 F.3d at 1202).

23

24

1                              <u>CONCLUSION</u>

2          Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded

3    Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and

4    this matter is remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further

5    administrative proceedings in accordance with the findings contained herein.

6          Dated this 22nd day of March, 2016.

7

8

9                                         David W. Christel
                                          United States Magistrate Judge
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 17